UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JAMES B. JOHNSON, | Plaintiff, |
| v. | Civil Action No. 3:15-cv-715-DJH-CHL |
| UNITED STATES OF AMERICA, | Defendant. |

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

After undergoing surgery at the Robley Rex Veterans Affairs Medical Center in Louisville, Kentucky, Plaintiff James B. Johnson sued the VAMC, alleging that the VAMC and its employees were "negligent in their care, diagnosis, and treatment." (Docket No. 1, PageID # 2) The United States moved for summary judgment, and the Court granted that motion in part, dismissing two of Johnson's claims. (D.N. 47, PageID # 654) Johnson now asks the Court to reconsider its order. (D.N. 50, PageID # 655) Johnson also seeks leave to supplement his motion so that he may attach a clarified expert opinion letter. (D.N. 52, PageID # 675) For the reasons explained below, the Court will deny both motions.

**I.    BACKGROUND**

In November 2011, Johnson was admitted into the VAMC due to abdominal pain. (D.N. 38-2, PageID # 113-14) Doctors performed an esophagogastroduodenoscopy and discovered a potentially cancerous mass in Johnson's abdomen. (*Id.*, PageID # 114) Following a variety of tests by doctors at the VAMC and the University of Louisville, the VAMC recommended that Johnson have the mass removed via surgery, and Johnson consented. (D.N. 38-2, PageID # 135; D.N. 41-7, PageID # 575) After the operation, a report revealed that the mass was not cancerous. (D.N. 38-2, PageID # 111-12)

1

Johnson then brought this action against the United States pursuant to the Federal Tort Claims Act. (D.N. 1) Johnson claimed that the VAMC was negligent in proceeding with surgery without first confirming that the mass was cancerous; he also claims VAMC personnel were negligent in removing his drainage tube. (D.N. 1; D.N. 38-2, PageID # 120) He further alleged that the VAMC did not obtain his informed consent before operating. (D.N. 48-1, PageID # 623) The United States sought summary judgment. (D.N. 38) The Court granted the United States' motion in part and dismissed Johnson's informed-consent and necessity-of-surgery claims. (D.N. 47) Johnson's drainage-tube claim remains pending. (*Id.*) Johnson now asks the Court to reconsider its order pursuant to Federal Rule of Civil Procedure 59(e), arguing that the Court failed to view the facts in the light most favorable to him. (D.N. 50, PageID # 655-66) Johnson also seeks leave to supplement his motion to add a clarified opinion letter by his expert witness, Dr. Peter B. Sherer, M.D. (D.N. 52)

## II.     STANDARD

The Court "may grant a Rule 59(e) motion to alter or amend [a] judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)); *Gati v. W. Ky. Univ.*, No. 3:14-CV-544-DJH-CHL, 2018 WL 3028572, at *1 (W.D. Ky. June 18, 2018). Rule 59(e) motions may not be used to relitigate issues already decided or to present arguments that could have been raised prior to judgment. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

Where no judgment exists, however, Rule 59(e) is inapplicable. *See CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 n.10 (6th Cir. 2008). When the Court grants summary judgment in part and other claims remain pending, the Court issues an interlocutory order, rather than a judgment. *Id.* While the Federal Rules of Civil Procedure do not expressly address reconsideration of such orders, the Sixth Circuit recognizes that the Court has "authority both under common law and under Rule 54(b) 'to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.'" *Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 WL 13547825, at *2 (W.D. Ky. Aug. 4, 2015) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Still, reconsideration is disfavored, and the Court will reconsider an interlocutory order only if there is an intervening change in controlling law; new evidence available; or a need to correct a clear error or prevent manifest injustice. *Rodriguez*, 89 F. App'x at 959; *Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 642 (N.D. Ohio 2016). As with Rule 59(e), reconsideration under Rule 54(b) may not be employed to relitigate issues or present evidence that could have been introduced earlier. *Saunders*, 2015 WL 13547825, at *2.

**III. DISCUSSION**

Rule 59(e) is inapplicable to Johnson's case because there is no judgment for the Court to amend. *See CGH Transp., Inc.*, 261 F. App'x at 823 n.10. Although the Court dismissed some of Johnson's claims, Johnson's drainage-tube claim remains pending. (D.N. 47, PageID # 654) Thus, no judgment has been issued, and the Court will construe Johnson's request as a Rule 54(b) motion for reconsideration. *See CGH Transp., Inc.*, 261 F. App'x at 823 n.10; *Rodriguez*, 89 F. App'x at 959.

Johnson has not shown that reconsideration is warranted here. He does not contend that controlling law has changed, new evidence exists, or manifest injustice will otherwise result. (D.N. 50) The Court therefore assumes Johnson is attempting to argue that the Court made a clear error in granting partial summary judgment. To warrant reconsideration, though, the error must be so apparent as to be beyond dispute. *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 2275002, at *3 (E.D. Tenn. May 24, 2017); *see also Dose v. Equitable Life Assurance Soc'y*, 864 F. Supp. 682, 684 (E.D. Mich. 1994). Johnson merely claims that the Court failed to view the evidence in the light most favorable to him and presents the same arguments as those made in his response to the United States' summary-judgment motion. (D.N. 50, PageID # 656; *see* D.N. 41-8) He does not argue that the Court applied an incorrect legal standard, but rather that the Court's conclusion was incorrect. (*Id.*) When a party presents the same arguments and facts as those previously brought before the Court, the proper recourse is to file an appeal rather than a motion to reconsider. *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (defendant's argument that the court incorrectly assessed the facts was insufficient and essentially the same argument made in its motion for summary judgment); *see also Block v. Meharry Med. Coll.*, No. 3:15-CV-00204, 2017 WL 1364717, at *1-2 (M.D. Tenn. Apr. 14, 2017); *Bailey v. Real Time Staffing Servs., Inc.*, 927 F. Supp. 2d 490, 501 (W.D. Tenn. 2012); *cf. Glass v. Nw. Airlines, Inc.*, 798 F. Supp. 2d 902, 910 (W.D. Tenn. 2011) (finding clear error where plaintiff presented no evidence of an element of her claim but the court denied defendant's motion for summary judgment). Johnson thus has not identified a clear error.

Johnson does not argue that his proposed supplement presents a change in controlling law, manifest injustice, or clear error. Nor does Johnson contend that the letter is new evidence; rather, Dr. Sherer's letter is a "clarified opinion" meant to explain the evidence already presented. (D.N.

52, PageID # 675) Yet Johnson does not suggest that this clarity was previously unavailable or explain why it was not provided prior to the Court's ruling. (*Id.*) Rule 54(b) does not afford parties the opportunity to present evidence that could have been presented earlier. *See Saunders*, 2015 WL 13547825, at *2. Likewise, a party cannot avoid summary judgment by introducing expert affidavits that contradict the same expert's prior opinion without explaining the contradiction. *See Yanovich v. Zimmer Austin, Inc.*, 255 F. App'x 957, 959-60 (6th Cir. 2007) (finding expert affidavit contradicting the same expert's prior report should have been considered by the district court because the contradiction was explained by a change in the definition of manufacturing defect); *Peck v. Bridgeport Mach., Inc.,* 237 F.3d 614, 619 (6th Cir. 2001) (ruling that affidavit from plaintiff's expert contradicting the expert's prior deposition testimony did not warrant reconsideration of the district court's summary judgment ruling). Dr. Sherer initially stated that the VAMC's method was "unusual" and that the VAMC should have "taken [its] time before proceeding with surgery." (D.N. 41-5, PageID # 409) Now, Dr. Sherer concludes that "[b]eyond a reasonable doubt, [that] the surgery Mr. Johnson underwent was inappropriate and below the standard of care." (D.N. 52-2, PageID # 678) Dr. Sherer does not explain why his opinion changed nor does he attempt to explain the inconsistency. (*Id.*) Finally, the proposed supplement does not remedy the deficiencies in Dr. Sherer's opinion that the Court identified in its order or address the overwhelming evidence in the record indicating that Johnson's surgery was warranted. (D.N. 47, PageID # 649-52) In sum, even with the proposed supplement, Johnson's motion does not warrant reconsideration under Rule 54(b). The motion to supplement will therefore be denied.

## IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Johnson's motion to alter judgment (D.N. 50) and motion to supplement (D.N. 52) are **DENIED**.

(2) This matter is again **STAYED** pursuant to General Order 19-01 and **REFERRED** to Magistrate Judge Colin H. Lindsay for a status conference to be held once the Department of Justice has returned to normal functions.

January 16, 2019

**David J. Hale, Judge**
**United States District Court**