UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-715-DJH-CHL

**JAMES B. JOHNSON,**  Plaintiff,

v.

**UNITED STATES OF AMERICA,**  Defendant.

## ORDER

Before the Court is the Objection and Motion for Protective Order to Strike Deposition (DN 69) filed by Plaintiff, James B. Johnson ("Johnson"). Johnson indicated that the United States had noticed the trial deposition of its expert, Dr. Charles Woodall ("Dr. Woodall"), "which was scheduled without Plaintiff's approval." (DN 69.) Johnson argued that the United States should be prevented from taking the deposition because the time to do so has expired under the Court's Scheduling Order. (*Id.*) Further, Johnson argued that taking the deposition will prejudice him and subject him to the cost of an out-of-state deposition. (*Id.*)

The United States filed a Response in which it represented that Dr. Woodall had been timely disclosed as an expert witness and that Johnson had not requested Dr. Woodall's discovery deposition. (DN 70, at PageID # 719, 722.) The United States indicated that Dr. Woodall resides in Springfield, Missouri, and that the United States's purpose in taking Dr. Woodall's trial deposition is to "eliminate the need for Dr. Woodall to abandon his medical practice for [two]-[three] days" and "save the United States the expert fees associated with travel and time related to live testimony . . . ." (*Id.* at 722.) Additionally, the United States argued that permitting the deposition would not prejudice Johnson in terms of cost because arrangements "have been made to permit his attorney to attend via teleconference, rather than travel to Missouri." (*Id.*) Because

Dr. Woodall's deposition is currently scheduled for September 11, 2019, which would be before Johnson's time to file a reply brief expires, the Court considers this matter ripe for review.

The Federal Rules of Civil Procedure make no distinction between a discovery deposition and a trial deposition, sometimes referred to as a *de bene esse* deposition.[1] Despite this absence, many courts recognize the "common-sense distinction" between the two. *El Camino res., Ltd. v. Huntington Nat. Bank*, No. 1:07-cv-598, 2009 WL 1228680, at *5 (W.D. Mich. Apr. 30, 2009). As another district court in this Circuit explained,

> the simple fact, known to all trial practitioners, is that witnesses often become unavailable for trial, whether because of distance or conflicting schedules (as with testifying physicians). In such circumstances, *de bene esse* depositions taken shortly before trial are commonplace and are properly understood as part of the trial proceedings, not discovery.

*Id.* Based on this understanding, several district courts in this Circuit have held that trial depositions may be properly taken after the close of discovery. *See, e.g.*, *Burket v. Hyman Lippitt, P.C.*, Nos. 05-72110, 05-72171, 05-72221, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008) ("As an initial matter, this Court's scheduling order setting a date by which discovery shall be completed was intended to set a date to close discovery; it had nothing to do with *de bene esse* depositions."). Indeed, at least one court in this District has concluded that a trial deposition is not part of the discovery process and, therefore, does not count as one of ten-per-side depositions permitted by Fed. R. Civ. P. 30(a)(2)(A)(i). *Murillo v. Dillard*, No. 1:15-cv-69-GNS, 2017 WL 471570, at *5 (W.D. Ky. Feb. 3, 2017).

In examining the previous scheduling orders entered in this matter, the Court concludes that the same did not distinguish between discovery depositions and trial depositions. (DN 9, 18, 22, 29.) Johnson did not cite any authority in support of his position that the prior discovery

---

[1] *De bene esse* means "[a]s conditionally allowed for the present; in anticipation of a future need." *De bene esse*, Black's Law Dictionary (11th ed. 2019).

deadlines included those for trial depositions, nor does Johnson's motion acknowledge any distinction between a discovery deposition and a trial deposition whatsoever. Further, given the United States' representation regarding Johnson's counsel's ability to participate in the trial deposition via telephone, Johnson's concerns regarding the expense of attending an out-of-state deposition appear to have been mitigated. For these reasons, the Court will deny Johnson's Motion and permit the trial deposition of Dr. Woodall to proceed. However, in doing so, the undersigned makes no ruling regarding the admissibility of the same at trial.

Accordingly,

IT IS HERBY ORDERED that Johnson's Objection and Motion for Protective Order to Strike Deposition (DN 69) is **DENIED**. The Parties may proceed to take the trial deposition of Dr. Woodall as scheduled.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record
September 6, 2019